IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEMETRIUS SPRINGS,

      Plaintiff,

v.                                     CASE NO. 4:14-cv-529-MW-GRJ

ALEX TAYLOR, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of RLUIPA and the First Amendment.  Defendant Alex Taylor has filed a Motion to Dismiss Plaintiff's Second Amended Complaint.[1]  (Doc. 24.) Plaintiff has filed two responses in opposition (Docs. 34, 41) and the motion is now ripe for consideration.  For the reasons discussed below, it is recommended that the motion to dismiss be granted and Plaintiff's suit be dismissed for abuse of the judicial process.

## I.  PLAINTIFF'S ALLEGATIONS

      Plaintiff, who claims to be a practicing Muslim, alleges that Defendant Taylor, the Chaplaincy Services Administrator, failed to authorize FDOC officials to accommodate daily Ramadan fasts from astronomical twilight ("FAJR") to sunset

_____

      [1]Norman Thigpen is the other Defendant in this action, and while he has been served, his response is not due until June 29, 2015.

during the month of Ramadan in 2011, 2012, 2012, 2014, and future years.  He contends that FAJR occurs when the sun is 18 degrees beneath the eastern horizon, which is before sunrise; however, Defendant Taylor only accommodates daily Ramadan fasts from civil twilight, or sunrise, to sunset, which is after the fast is supposed to begin.

Plaintiff alleges that he was unable to eat pre-fasting meals because they were provided after astronomical twilight.  He claims that in 2010 and 2011, Florida State Prison staff provided him with post-fasting meals that were insufficient to sustain him in good health, and subsequently he had to be treated for malnutrition.  He claims he experienced extreme hunger, starvation, malnutrition, diminished spiritual experience, spiritual and mental anguish, depression, distress, shame, humiliation, anxiety, misery, and frustration.  He claims that his exercise of religion was substantially burdened and that he was denied the free exercise of religion.

Plaintiff additionally claims that staff at Union Correctional Institution and Suwannee Correctional Institution refused to accommodate his fasts between astronomical twilight to sunset during Ramadan in 2012 and 2013.  He alleges that due to his inability to consume the pre-fasting meals, he suffered weakness, headaches, and thought imparity.

Plaintiff also claims that various staff members at Florida State Prison, identified as Davis, Polk, Singer, Worthington, Graham, Morris, Dunnagan, and Staten,[2] exhibited deliberate indifference to the religious beliefs of Muslims and only

---

[2]Although none of these individuals are named as Defendants and thus are not parties to this action, Plaintiff includes allegations against them in a section of the

accommodated Ramadan fasts from sunrise to sunset, while knowing that this time is not sufficient for the fast. He claims that Davis, Graham, Morris, Staten, Polk, and Dunnagan refused to provide him with pre-fasting meals, refused to provide him and other Muslims with vegetarian alternate entrée or vegan meals during Ramadan, and provided Plaintiff with an 1800 calorie diet during Ramadan (which Plaintiff claims is nutritionally inadequate).

Plaintiff further claims that he filed many grievances against Davis, Morris, Dunnagan, Staten and Graham for violations of FDOC rules concerning food service and religious dietary issues. Plaintiff contends that as a result of his grievances, these individuals purposely retaliated against him in April and May of 2009 by sending him meals contaminated with meat entrées. Plaintiff further claims that between May 2009 and September 2010, Davis, Morris, Graham, Staten, and Dunnagan intentionally contaminated or directed another to contaminate Plaintiff's meals with small pieces of meat. Plaintiff states that because of this retaliation, he was compelled to forgo numerous meals and suffer undue hunger. He claims that he was substantially pressured to eat food forbidden by his religion.

Plaintiff claims that Taylor and Thigpen's custom of only accommodating Ramadan fasts starting at civil twilight, their refusal to provide pre-fasting meals before astronomical twilight, and their provision of a nutritionally inadequate diet during Ramadan violate RLUIPA and the First Amendment. Plaintiff also claims that the actions of Davis, Morris, Staten, Dunnagan, and Graham violate the First

---

Complaint titled "Mass Footnote."

Amendment.

Plaintiff requests a declaratory judgment stating that Taylor's policy of not starting Ramadan fasts at astronomical twilight in 2010, 2011, 2012, 2013, 2014 and future years violates RLUIPA and the First Amendment.  He seeks a permanent injunction requiring Taylor and/or his successor to accommodate his fasts during Ramadan at astronomical twilight.  Plaintiff also seeks a declaratory judgment stating that Thigpen's failure to direct institutional officials to accommodate Plaintiff's fasts during Ramadan 2010, 2011, 2012, 2013, 2014 and future years with a nutritionally adequate diet starting at astronomical twilight violates RLUIPA and the First Amendment.  He requests a permanent injunction requiring Thigpen and/or his successor to accommodate Plaintiff's fasts with a nutritionally adequate diet beginning at astronomical twilight.  Plaintiff also seeks an award of costs and attorney's fees.  (Doc. 16 at 10-33.)

## II.  STANDARD OF REVIEW

While a *pro se* plaintiff's pleadings are to be liberally construed, he or she is not excused from complying with procedural rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Further, a finding that a plaintiff proceeding *in forma pauperis* engaged in bad faith or manipulative tactics warrants dismissal.  *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997).  A party engages in bad faith by delaying or disrupting litigation or hampering the enforcement of a court order.  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (quoting *Primus Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)).

Recently, the Eleventh Circuit held that failure to disclose prior litigation history

on a court-ordered form by a *pro se* inmate generally warrants dismissal without prejudice.  *See Jackson v. Florida Dept. of Corrections*, 491 Fed. Appx. 129, 132 (11th Cir. 2012) (holding that it is not an abuse of discretion for a court to sanction an inmate based on his omissions on a court-approved form, which the inmate signed under penalty of perjury).

Courts have also upheld the dismissal of a complaint where the plaintiff contends that he was unable to fully disclose his prior litigation history for reasons such as the inability to afford certification costs or the inability to access necessary documentation due to a Florida Department of Corrections rule prohibiting the possession of "excess legal material."  *See Young v. Sec'y Florida Dept. of Corrections*, 380 Fed. Appx. 939, 941 (11th Cir. 2010) (holding that an inmate's inability to completely disclose his prior litigation history did not relieve him of a duty to disclose, at a minimum, all information that was known to him).  The United States Court of Appeals for the Eleventh Circuit has also upheld the dismissal of a plaintiff's complaint for failure to disclose prior litigation where an inmate concedes in an objection that his disclosures were incomplete because to hold otherwise would "overlook his abuse of the judicial process."  *Hood v. Tompkins*, 197 Fed. Appx. 818, 819 (11th Cir. 2006).

However, dismissal with prejudice is considered a sanction of last resort and should only be employed in extreme circumstances.  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).  In general, dismissal without prejudice does not amount to abuse of discretion, even for a minor violation of a court order.  *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir.1983).

### III.  DISCUSSION

Defendant Taylor has filed a motion to dismiss Plaintiff's Second Amended Complaint contending that Plaintiff abused the judicial process.  In his motion, Defendant Taylor claims that Plaintiff has failed to disclose his prior cases in both federal and state court.  Defendant Taylor represents that according to PACER, Plaintiff initiated eighteen federal cases, nine federal appeals, more than twenty state court cases, and at least four state court appeals related to the conditions of Plaintiff's incarceration prior to filing this case.  Defendant argues that construing Plaintiff's Second Amended Complaint liberally, Plaintiff has only disclosed eighteen federal cases and two state cases.  Defendant says that Plaintiff's failure to fully and truthfully disclose his litigation history warrants dismissal of the Complaint for abuse of the judicial process.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[3]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his

---

[3]Pursuant to 11ᵗʰ Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"   *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-

cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff executed his Complaint under penalty of perjury.  (Doc. 16 at 33.) Section IV of the civil rights complaint form requires prisoners to disclose information regarding previous lawsuits.  Specifically, it requires prisoners to disclose whether they have initiated either state or federal cases dealing with the same or similar facts involved in this action, or whether they have initiated other actions in either state or federal court that relate to the fact or manner of their incarceration or conditions of confinement.

A review of the Court's PACER Case Locator reflects that at the time Plaintiff filed his First Amended Complaint in this case, he had filed twenty-five other cases in federal district courts which should have been identified in response to the question in Section IV of the complaint form.  In his First Amended Complaint, construing it as liberally as possible, Plaintiff disclosed all twenty-five required federal cases, by either attaching docket entries and orders from those cases or by including the PACER list of his previous cases.

In the Second Amended Complaint, however, Plaintiff provides information for only seventeen of the now twenty-six[4] federal cases that he had filed.  Eight of the

---

[4]On January 5, 2015, between the filing of the First and Second Amended Complaint, Plaintiff filed a case against 71 defendants in the Northern District of Florida. *Springs v. Gielow*, Case No. 3:15-cv-3-MCR-CJK (N.D. Fla. Jan. 5, 2015)("*Gielow*").

cases that he failed to disclose in the Second Amended Complaint were disclosed in

his First Amended Complaint.[5]  The remaining case that Plaintiff failed to disclose in

either Complaint, *Springs v. Gielow*, Case No. 3:15-cv-3-MCR-CJK (N.D. Fla. Jan. 5,

2015), was filed on January 5, 2015, which was after the submission of Plaintiff's First

Amended Complaint and before submission of the Second Amended Complaint.

     As to the disclosure of Plaintiff's federal cases, the Court concludes that

dismissal would not be appropriate on this basis.  Although Defendant says that Plaintiff

only disclosed eighteen[6] of his twenty-six federal cases in the Second Amended

Complaint, this argument is not consistent with the spirit of the disclosure requirement.

The purpose of the disclosure requirement is to assist the Court in its obligation to

screen cases. When a prisoner discloses his previously filed cases, the Court may

consider whether the case should be consolidated with another action or whether a

_____

The Complaint alleges that the defendants continued to physically abuse Plaintiff at Santa Rosa Correctional Institution after Plaintiff filed a case against them, Case No. 3:14-cv-105.  Plaintiff moved to consolidate *Gielow* with the 2014 case, which was denied.  *Gielow*, Doc. 4.  The case was recommended for dismissal on January 13, 2015, because Plaintiff is a three striker and did not pay the filing fee when he initiated the case.  The allegations in this case are wholly unrelated to the instant action.

[5]The eight cases Plaintiff omitted from the Second Amended Complaint are as follows: (1) *Springs v. USA*, 3:14-cv-171 (N.D. Fla. May 1, 2014); (2) *Springs v. Gielow*, Case No. 3:14-cv-211 (N.D. Fla. Mar. 31, 2015); (3) *Springs v. Vosbrink*, 5:09-cv-5 (N.D. Fla. Apr. 9, 2009); (4) *Springs v. Crosby*, 4:06-cv-44 (N.D. Fla. Apr. 14, 2006)(habeas corpus petition); (5) *Springs v. Taylor*, 3:14-cv-183 (M.D. Fla. Feb. 19, 2014); (6) *Springs v. Secretary*, 9:06-cv-80396 (S.D. Fla. June 1, 2006)(habeas corpus petition); (7) *Springs v. Gielow*, 14-11436 (11th Cir. June 17, 2014); (8) *Springs v. Gielow*, 14-11381 (11th Cir. June 17, 2014).

[6]This number differs from the Court's statement that Plaintiff disclosed seventeen federal cases on the Second Amended Complaint because Defendant lists *Springs v. Knight*, Case No. 11-11586 (11th Cir.) twice.

holding in another action affects the instant case.  *Williams v. Wiggins*, 2010 WL 4983665, at *2 (quoting *Johnson v. Crawson*, 2010 WL 1380247, at *2).

Because that is the primary purpose of the disclosure requirement, Plaintiff has fulfilled it, at least with respect to his federal cases, because all twenty-five of those cases were disclosed to the Court when Plaintiff filed his First Amended Complaint. Plaintiff's inadvertent failure to include seven of the previously disclosed cases in the Second Amended Complaint, does not hamper the purpose of the disclosure requirement and therefore is not an abuse of the litigation system sufficient to warrant dismissal.

Plaintiff's failure to disclose his newest case, on the other hand, is more troubling.  Plaintiff filed *Springs v. Gielow*, Case No. 3:15-cv-3-MCR-CJK (N.D. Fla. Jan. 5, 2015) on January 5, 2015 ("*Gielow*"), between the filing of the First Amended Complaint and the Second Amended Complaint.  The time frame between the filing of *Gielow* and the Second Amended Complaint was short.  Plaintiff submitted the Second Amended Complaint to prison officials on January 28, 2015, and *Gielow* was filed only weeks before on January 5, 2015.  Thus, in the Court's view the failure to disclose *Gielow* may be understandable because of the short time period between its filing and Plaintiff's submission of the Second Amended Complaint.  Moreover, *Gielow* is entirely unrelated to the allegations in this case.  *Gielow* concerns physical abuse of Plaintiff at Santa Rosa Correctional Institution while the instant case concerns the provision of meals during Ramadan at various institutions.  Thus, the failure to disclose *Gielow*, did not conceal from the Court a related case or a case where rulings may have been

relevant to this case. Therefore, the Court concludes that the failure to disclose *Gielow*, standing alone, is not a sufficient reason to dismiss the case.

The situation is starkly different, however, with regard to Plaintiff's failure to disclose his state cases.  In both his First and Second Amended Complaints Plaintiff disclosed only four state cases: (1) *Springs v. Taylor*, 2011 CA 002054; (2) *Springs v. Taylor*, 2014 CA 000523 (the instant case before removal); (3) *Springs v. Milliken*, 2009 CA 000364; (4) *Springs v. Department of Corrections*, 2010 CA 002643.  The Court takes judicial notice of at least twelve cases and appeals that Plaintiff has initiated in state court, seven of which he failed to disclose in either Complaint.[7]  The wholesale omission of multiple cases cannot be viewed as an oversight but rather evidences an intentional failure to provide truthful information to the Court.  As previously mentioned one of the purposes of the disclosure requirement is to assist the Court in determining whether the same issues presented in the instant case already have been litigated.

---

[7]The Court has confirmed at least twelve cases and appeals that Plaintiff has filed in state court: (1) *Springs v. State*, Case No. 4Do4-2742 (Fla. 15th Cir. Ct.); (2) *Springs v. State*, 894 So.2d 258 (Fla. 4th DCA 2005); (3) *Springs v. State*, Case No. 4D01-3143 (Fla. 15th Cir. Ct.); (4) *Springs v. State*, 819 So.2d 789 (Fla. 4th DCA 2002); (5) *Springs v. Milliken*, Case No. 2009 CA 000364 (Fla. 2d Cir. Ct.); (6) *Springs v. Department of Corrections*, Case No. 2009 CA 000930 (Fla. 2d Cir. Ct.); (7) *Springs v. Milliken*, Case No. 2009 CA 001054 (Fla. 2d Cir. Ct.); (8) *Springs v. Department of Corrections*, Case No. 2009 CA 001498 (Fla. 2d Cir. Ct.); (9) *Springs v. Department of Corrections*; Case No. 2010 CA 002643 (Fla. 2d Cir. Ct.); (10) *Springs v. Taylor*, Case No. 2011 CA 002054 (Fla. 2d Cir. Ct.); (11) *Springs v. Taylor*, Case No. 2014 CA 000523 (Fla. 2d Cir. Ct.); (12) *Springs v. Adams*, Case No. 13000327CAAXMX (Fla. Bradford Cty. Ct. 1989).  Defendant represents that Plaintiff has filed over twenty state cases and at least four appeals; however, the Court - through limited research - has only confirmed twelve.  Nevertheless, the analysis remains the same whether Plaintiff has filed twelve or twenty state cases.

Notably, several of the cases filed by Plaintiff in state court are against the Defendants

in this case, Alex Taylor and Norman Thigpen.   Complete disclosure of prior state cases

filed by Plaintiff would have assisted the Court in determining if Plaintiff had litigated

these same claims previously.[8]

Plaintiff, a frequent filer, cannot credibly suggest that he does not fully

understand the form and the requirements on the form that he disclose every federal

and state case related to his incarceration that he has previously filed, or at least make

an attempt at disclosure if he does not remember.   In his response, Plaintiff claims that

he has been involuntarily admitted into the Mental Health United of Santa Rosa

Correctional Institution in December 2013 and was transferred to Suwannee

Correctional Institution in August 2014.   (Doc. 34 at 3.)   He avers that during that time

he was not permitted to have any of his legal paperwork.   *Id.*   Plaintiff alleges that at

Union Correctional Institution, he was never permitted to seal his outgoing legal mail.

*Id.*   Plaintiff submits a sworn declaration that he did disclose a list of all the civil actions

that he had filed in an 'appendix of summary of the dockets,' and that he believes it is

---

[8] It is worth noting that Plaintiff is a frequent filer who is also a three-striker.  *See Springs v. Starling*, Case No. 3:11-cv-336-J-99TJC-MCR (M.D. Fla. Apr. 13, 2011)(dismissing the case under 28 U.S.C. § 1915(g) because Plaintiff had three strikes: (1) Case No. 5:08-cv-366-SPM-MD (N.D. Fla.); (2) Case No. 5:09-cv-5-SPM-EMT (N.D. Fla.); (3) Case No. 5:09-cv-155-RS-AK (N.D. Fla.)); *Springs v. McNeil*, Case No. 1:10-cv-81-MP-AK (N.D. Fla.)(dismissing the case based on the three strikes provision).  Had Plaintiff filed this case in federal court originally, the case would not have progressed to this point and would have been dismissed because Plaintiff has three strikes, did not pay the filing fee, and has not alleged imminent danger. This is troubling to the Court because this case is one of many recent cases removed to federal court in this district in which a state prisoner subject to the three strikes bar has filed the case in state court to accomplish an end-run around the PLRA.

possible that the Union Correctional Institution staff may have lost portions of this appendix.  (Doc. 34 at 7.)   In Plaintiff's Supplemental Response, he makes the same argument and includes docket entries from three state cases, including one[9] that he did not previously disclose in either the First or Second Amended Complaint.

Plaintiff's excuse that correctional staff may have lost portions of his filing is not credible, especially considering that he failed to disclose the same cases  in both the First and Second Amended Complaint. Moreover, while filing copies of the dockets sheets or orders from prior cases is sufficient to meet the disclosure requirement Plaintiff is not required to do so and the form does not mandate that he file these materials. The only requirement is that Plaintiff list the case number on the form or at a minimum attempt to describe the case as best as he can. Thus, any suggestion that staff "lost his materials" when they were filed ignores the fact that Plaintiff could have and should have simply listed the cases on the complaint form.  Plaintiff's speculative statement that staff may have lost portions of his filing, without any facts, is not worthy of serious consideration and falls well short of providing a credible legal explanation for Plaintiff's wholesale concealment of his prior state cases.

In addition to requesting dismissal based upon Plaintiff's abuse of the litigation process, Defendant Taylor also argues that Plaintiff's complaint should be dismissed for misjoinder because Plaintiff includes a retaliation claim against Davis, Morris, Dunnagan, Staten and Graham, which arise do not arise out of the same occurrence as Plaintiff's claim against Defendants Taylor and Thigpen.

---

[9] *Springs v. Adams*, Case No. 13000327CAAXMX (Fla. Bradford Cty. Ct. 1989).

The Court need not address this argument because Davis, Morris, Dunnagan, Staten, and Graham have not been named as parties to this action.  And while the claim against Thigpen  for allegedly refusing to take corrective action with respect to the these individuals may or may not relate to Plaintiff RLUIPA claims, the Court need not address this issue because this action is due to be dismissed without prejudice based upon Plaintiff's abuse of the judicial process.

### III. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Taylor's Motion to Dismiss (Doc. 24) should be **GRANTED** and this action should be **DISMISSED without prejudice**.

**IN CHAMBERS** this 19th day of June 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.